# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF MICHIGAN

---

**MARTIN J. WALSH**, Secretary of Labor, :
United States Department of Labor, :
: 
               Plaintiff, :
: CIVIL ACTION
:
v. : File No.
:
**ASSOCIATED COMMUNITY SERVICES,** :
**INC.** and **ASSOCIATED COMMUNITY** :
**SERVICES 401(K) PROFIT SHARING PLAN** :
**AND TRUST,** :
:
               Defendants. :

---

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary"), alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Associated Community Services 401(k) Profit Sharing Plan and Trust ("Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies in the Eastern District of Michigan, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in Southfield, Oakland County, Michigan, within this district.

## DEFENDANTS

5. Since at least September 26, 2016, Defendant Associated Community Services, Inc. ("ACS") was the sponsor of the Plan, the Administrator of the Plan, and a "named fiduciary" of the Plan and has the powers and responsibilities with respect to the management and operation of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

6. The Plan is named as a Defendant in this action pursuant to Federal Rule of Civil Procedure 19(a), solely to assure that complete relief can be granted.

## ALLEGATIONS

7. Paragraphs 1 through 6 above are realleged and incorporated herein by reference.

8. Upon information and belief, ACS ceased operations in 2019.

9. Richard Cole, the president, treasurer, secretary, and director of ACS died on April 7, 2022.

10. ACS, a Michigan Corporation, was dissolved on July 15, 2022.

11. The trustee, recordkeeper and asset custodian for the Plan is Fidelity Management Trust Company ("Fidelity").

12. According to Fidelity's Basic Plan Document ("Plan Document"), the balance of

a Participant's vested interest in their account shall be distributable upon their termination of employment with the employer.

13. According to the Plan Document, if there is a complete discontinuance of contributions, the employer or administrator shall direct the trustee to make distributions to the participants or other persons entitled to distributions.

14. ACS discontinued contributions to the Plan in 2019.

15. By Defendant ACS failing to administer the Plan, participants of the Plan have not been able to obtain distributions from the Plan of their individual account balances.

16. As of May 3, 2022, the Plan had forty-three participants and assets totaling approximately $805,732.05.

17. To date, ACS has not terminated the Plan or issued distributions to all of the Plan's participants.

18. Since 2019, Defendant ACS failed to administer the Plan and its assets.

19. By the facts described in paragraphs 7 through 18 above, Defendant ACS:

    a. Failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    b. Failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

      c.      Failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A.      Removing Defendant ACS from its position as fiduciary with respect to the Plan;

B.      Appointing an independent fiduciary to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute the Plan's assets to the participants and beneficiaries, and conclude any Plan-related matters connected with the proper termination of the Plan;

C.      Awarding the Secretary the costs of this action; and

D.      Ordering such further relief as is appropriate and just.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Barbara M. Villalobos
**BARBARA M. VILLALOBOS**
Senior Trial Attorney

Local Counsel:
**DAWN N. ISON**
United States Attorney
Eastern District of Michigan

**KEVIN ERSKINE** (P69120)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Tel: (313) 226-9610
Email: Kevin.Erskine@usdoj.gov

Attorneys for **MARTIN J. WALSH**,
Secretary of Labor, United States
Department of Labor, Plaintiff
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: (312) 353-1168
Facsimile: (312) 353-5698
Email: villalobos.barbara@dol.gov